UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GREGORY LENOIR ALLMAN, JAIMOE F/K/A
JOHNNY LEE JOHNSON, CLAUDE HUDSON
TRUCKS P/K/A BUTCH TRUCKS and
FORREST RICHARD BETTS P/K/A DICKEY
BETTS,

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-19-09
```

        Plaintiffs,     08 Civ. 7113 (PKC)

  -against-

               MEMORANDUM AND ORDER

UMG RECORDINGS, INC., a Delaware
corporation,

        Defendant.
------------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

  Defendant UMG Recordings, Inc. ("UMG") moves pursuant to Rule 12(c), Fed. R. Civ. P., for the dismissal of Claims I and II in this breach of contract action. The defendant's motion is denied.

  Claim I is premised in part on third-party licensing arrangements that UMG allegedly employs in the digital distribution of songs by the Allman Brothers Band, of which the plaintiffs are members. As the plaintiffs note, the relevant contract between plaintiffs and UMG contains several different royalty provisions, and without a record of UMG's methods for the digital distribution of plaintiffs' songs, it is not possible to determine which provision of the agreement governs. The Complaint plausibly alleges a breach of section 3.06 of the agreement, as required in order to survive a motion to dismiss under Rule 12(c), Fed. R. Civ. P. See Ashcroft v. Iqbal, 556 U.S. ___ (May 18, 2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting Bell Atlantic Corp. v. Twombley, 550 U.S. 544, 570 (1997)).

In addition, UMG cites as dispositive an opinion by Judge Daniels in Allman v. Sony BMG Music Entertainment, 2008 WL 2477465, at *2 (S.D.N.Y. June 18, 2008), which dismissed at the Rule 12 stage a claim based on contractual language similar to the terms disputed here. However, Judge Daniels noted key pleading omissions that are not at issue in this case, and there are readily apparent distinctions in the quoted language, including the prior Allman opinion's focus on the leasing of songs and this Complaint's focus on licensing. Id. Without a more complete record, I am unable to conclude whether that distinction is relevant. Judge Daniels also did not have occasion to address a contractual definition of the phrase "Normal Retail Channels," a term set forth at paragraph 7.13 of the agreement, that plaintiffs contend may be material to the resolution of this action. While Judge Daniels's analysis in Allman is useful precedent, it is not outcome-determinative as to UMG's motion.

Lastly, UMG's motion to dismiss Claim II is denied. UMG contends that a 1994 agreement superseded a provision of the 1985 agreement that requires the renegotiation of royalties between plaintiffs and UMG for new recording configurations. However, the 1994 agreement includes the following provision: "Except as expressly or by necessary implication modified hereby, the terms of the [1985] Agreement are hereby ratified and confirmed without limitation or exception." (1994 Agreement ¶ 3.) The recitals to the 1994 agreement state that "[n]otwithstanding anything to the contrary expressed or implied in the [1985] Agreement, including without limitation paragraph 3.04 of the Agreement, the following shall constitute the further understanding of the

parties . . . ." Under New York law, which the parties agree governs this case, "the intent to waive a right must be unmistakably manifested, and is not to be inferred from a doubtful or equivocal act." Navillus Tile, Inc. v. Turner Construction Co., 2 A.D.3d 209, 211 (1st Dep't 2003). Paragraph 3.04 of the 1985 agreement governs the renegotiation of royalties for Allman Brothers recordings, so it is natural that the recitals of the 1994 agreement, which renegotiated certain royalties, makes reference to its terms. However, the 1994 agreement does not expressly repeal paragraph 3.04 of the 1985 agreement, and it is not apparent at the pleading stage that the 1994 agreement necessarily governs the royalties owed plaintiffs for digital sales.

The motion to dismiss is denied.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       May 19, 2009